IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RON MAYS                                          )
                                                 )
v.                                               )        NO. 3:22-1005
                                                 )        Richardson/Holmes
ACADIA HEALTHCARE COMPANY, INC.,                 )
et al                                            )

**O R D E R**

By order of the United States District Court for the Eastern District of Texas, this case was

transferred to this Court.  (Docket No. 21.)  As a matter of routine, an initial case management

conference was set for March 2, 2023.  (Docket No. 25.)  From a review of the entire record, it

appears there was a scheduling order entered by the Eastern District of Texas (Docket No. 15),

which the Court intends to modify to conform to the practices and procedures in this district.   All

counsel must be familiar with and adhere to the Court's local rules and practices.

The case management conference presently set for March 2, 2023, is RESCHEDULED for

**February 2, 2023, at 3:30 p.m. (CT)** using the Court's conference line at 1-877-402-9753, access

code 3808663#.  Prior to the case management conference, counsel for the parties must confer and

prepare a joint proposed first modified case management order, which must be filed at least **three**

**(3) business days** in advance of the case management conference, and a Word formatted copy

separately emailed to the undersigned's Courtroom Deputy.[1]

---

[1] Counsel should utilize the form initial case management order found under the link to
Magistrate Judge Holmes on the Court's website, with designated provisions for Judge
Richardson's cases.

1

The joint proposed modified case management order must include a proposed target trial date (and other case management scheduling deadlines as provided for in the form order), but no other trial-related deadlines.[2] A separate order setting the dates for trial and a final pretrial conference, and detailing all the parties' pretrial obligations, will be entered by the District Judge following entry of a case management order by the undersigned Magistrate Judge.

Pending the case management conference and entry of a modified case management order, the parties must proceed with discovery and other administration of this case. Discovery is not stayed during the pendency of dispositive or other motions unless expressly ordered by the Court. Additionally, the Court expects all parties and their counsel to cooperate in discovery and to act courteously and professionally in the resolution of any discovery disputes. The Court may impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct.

The following provisions will govern all discovery disputes. No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a joint motion for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related

---

[2] For instance, matters such as the filing of motions *in limine*, proposed jury instructions, exhibit lists, etc. will be provided for in the District Judge's trial order. Further, counsel are advised of the undersigned's standard practice of ensuring that the requested target trial date is no earlier than 120 days from the last dispositive motion deadline, that is, the reply deadline. They should use this calculation when proposing a target trial date in their joint proposed modified case management order.

2

motions, after counsel have scheduled and participated in a discovery conference. All discovery-related motions must be filed by a deadline to be set in the modified case management order, unless otherwise permitted by the Court. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge